Case number 22-2508, Roachkuoth Thok v. Merrick Garland Good morning counsel. Good morning. May I proceed? May I please report, Jamie Rangel on behalf of Petitioner Roachkuoth Thok The board's decision in this case is clearly erroneous. It begins being erroneous in the brevity of the decision. This case was previously before this court when the appeal was filed. The board made a decision and limited that decision to simply the issue of whether or not the petitioner had been convicted of an aggravated felony crime of violence. They determined that he had. We appealed that decision to this court. Borden v. United States was released and the respondent filed a motion to remand back to the board to decide the other issues that they had previously not decided. On remand, the Department of Homeland Security asked that the board limit its discussion to whether or not the petitioner had been convicted of an aggravated felony crime of theft. And they did so. So the second decision from the board is equally as brief as the first decision from the board. And in doing that, they don't address any of the other claims that the petitioner made in either the initial appeal brief or his second appeal brief. Particularly whether or not after the finding that the petitioner had not been convicted of an aggravated crime of violence, whether or not that changed the immigration judge's decision that he had then been convicted of a particularly serious crime. Both of those findings have repercussions for the eligibility that the petitioner was seeking in front of the immigration judge. Particularly whether or not he remained eligible for asylum and withholding of removal. Because the board declined to find on that issue, and it essentially declined to even find that they agreed with the Supreme Court case in United States v. Borden, that the respondent or the petitioner had not been convicted of an aggravated felony crime of violence, they again left this open. And left this open by only deciding one of six issues that were before them. Again, their brevity prevented the petitioner the opportunity to return to the immigration court and to fully argue the claims that were then present after it was found that he had not been convicted of an aggravated felony crime of violence. Why was there any obligation by the board to decide anything more? They decided it was an aggravated felony theft conviction, and that's a fact. It would be strange then to go on and decide all the other issues too. But it's not. And it's not because that issue is directly connected to whether or not... So it's not just an issue of whether or not he's removable from the United States, correct? We all agree that he's removable from the United States. But each different type of conviction makes him eligible or ineligible for different types of relief, particularly when we're speaking of asylum and holding of removal. So if the board doesn't undertake a finding that he's not convicted of an aggravated felony crime of violence, that was the basis for the immigration judge's finding that he was convicted of a particularly serious crime. What does it matter if it's a crime of violence or a theft crime? They're both aggravated felonies. It does, because the immigration judge made no decision. Because that particularly serious crime analysis is a completely separate analysis. So it is not simply because you're an aggravated felon, you're then convicted of a particular serious crime. They're intertwined, but they're not identical. So by not making those findings, you don't get to the other issue. So the immigration judge never found that the theft crime was a particularly serious crime. He found that the aggravated felony crime of violence was a particularly serious crime. So that then made him ineligible for asylum and withholding of removal. Now, I do agree that for asylum purposes, aggravated felony makes you ineligible for asylum. With the board's decision, he would still be ineligible for asylum if it stands. But he would not, in my opinion, be ineligible for withholding of removal, unless the immigration judge then decides that that is a particularly serious crime. What about divisibility? I think that's sort of the harder question in this case. Divisibility? Divisibility of the statute? Of the theft statute? I mean, I know you're arguing one thing, but that's the issue I found really difficult. Well, this case is interesting, because there's lots of different moving parts, right? But I agree, it is interesting. So Nebraska theft statute, is it divisible? There's several ways to look at this, and the way that I would ask you to look at it is, are there the things that point us to showing that a statute is divisible, right? So are these means, or are these elements? So are there different punishments for each of the things enumerated in A through F? There are not. Punishments are the same. It makes no difference. Can a defendant be convicted under the statute without a finding of one of those sections? Yes, they can. This defendant was convicted under this statute without a finding of any of those. If they were elements, you'd have to point to one of them. What was the crime that was committed that led to the conviction? To be fair, though, as I understand the record, you can correct me if I'm wrong, there was one conviction where they didn't specify the particular subdivision, the list of different ways you could commit it. But for the five, including the one that was relied on by the board, they did have information that pointed to one specific subdivision. So in a complaint in Santa Barbara, they list out the statutory thing, and then they start listing the statute. But I would argue that it didn't specifically point to that statute. It merely stopped listing all the other alternatives, right? That's fair, although I do think that the facts directly in 4 of the 5 directly pointed to one particular subdivision. So you don't get to the facts. That's the question, right? If the statute's not divisible and it's overbroad, we don't get to those facts. No, I understand that, but it doesn't. If they charge and if it points to a particular subdivision, you can look at the charging documents to figure out if it's an element or a means. I mean, Mattress tells us that. But only if it's a visible statute. But again, that would mean that in every case, the state would have to prove one of those subsections in order to prove that you've been convicted under the statute. But the fact that they don't have to, and again, even if it's just 1 out of 5 for this defendant, there's thousands of shoplifting cases that are prosecuted in the state of Nebraska every year. If this single defendant had 1 out of 5, that tells you the volume that could exist that are convicted under the statute without listing any of the subsections. So none of those things have to be proven in court in order for a defendant to be convicted under 28.511. Have there been any challenges like that in state court where they've said, hey, you didn't pick one of the subdivisions or charge one of the subdivisions? I would imagine the answer is no because they don't care about the categorical approach in Nebraska. Well, and not just that, but these are really minor crimes, right? These are not crimes where typically someone is even sentenced to jail. These are typically crimes where you pay a $50 fine, you may pay some restitution, and you move on with your life. So it's just not something that typically gets appealed into a place where we'd have case law to really look at and see. But again, the statute's overbroad on its face, and it's not divisible. So it cannot be the basis for fighting a theft offense. It just simply can't. I would like to save the rest of my time for rebuttal. Very well. I appreciate it. May it please the Court, Matthew George for the Attorney General. I'd like to quickly address the particularly serious crime issue before we get into divisibility, just to respond quickly. The immigration judge didn't make a per se particularly serious crime finding here. The immigration judge did a case-specific, a case-by-case analysis, didn't rely on the fact that the attempted terroristic threats conviction was an aggravated felony in making the particularly serious crime determination. That finding would stand regardless of whether it ultimately is or is not an aggravated felony. And so that issue has already been resolved. In addition, the petitioner never raised that issue to the board, never challenged the particularly serious crime finding in the initial appeal, never really challenged it on remand, made any material or exhaustion or put the board on notice that that was being challenged on remand, and has weighed the issue by not raising it in his brief to this court. So that particularly serious crime issue really isn't even before the court. Turning to the government's argument, maybe it just doesn't make a difference. I mean, that was kind of what I was getting at with opposing counsel. I just want to know the government's position. Yes, Your Honor. First, it would make a difference because of the way the immigration judge analyzed it. And then second, it either hasn't been exhausted or has been weighed before the court. Okay. Turning to the divisibility, I agree this is a close case. This is one where Justice Kagan kind of said this would be an easy analysis or it would be straightforward. This is one of those exception cases she kind of mentioned where it's not going to be straightforward. And here the board has walked through the analysis that the Supreme Court set out in Mathis, has looked at all of the pieces, parts, evidence, whatever you want to look at, and made the determination that it is divisible and relied on three different bases in doing that. The first of it being the statutory language, being that it is disjunctive. That's not conclusive here. I do wish we had something definitive or conclusive that would really just answer the question. We don't have it anywhere. So the board, after looking at that, says, well, that doesn't answer it. Then it looks at case law, Sexton in particular, where the Nebraska Supreme Court said that a jury could find without a reasonable doubt that subsection A was what the defendant in that case committed. Sexton, as the board points out, itself is not definitive. I believe Sexton actually lists two different subsections in part of it. So it's not definitive on that point. I think, as has already been discussed, these cases probably don't come up a whole lot. I couldn't find a whole lot. I think I almost cited maybe perhaps every single one or almost every single one that Nebraska has decided in my brief. And Nebraska is not really concerned with this means versus elements issue. So that's not really going to be what these cases are talking about. So I agree with you. This is one of the hardest categorical approach cases I've seen in several years. And what's weird about it is the following. So you have that initial part of the statute that talks about appropriation, and I forget the other verb that's used. Debrack. And so those, I think, would not suggest overground. But what's unusual about the statute is then it goes on and gives you a bunch of not means or elements. That's a whole other question. But it gives you a bunch of different ways in which the offense can be committed. And so ordinarily we might say that list, well, that's fanciful, right? There's no realistic probability. But here you actually have them setting out things that would violate the statute in the statute. And the government has, I think, conceded that one of them at least might be overbroad. And so what do you do with that? I mean, and it's not clear. I actually sort of count it back. It's like five factors going one way and seven factors going the other way. And I'm not going to go through them. That's for you. But it's really a close call. And so I just want to hear your response to that because it's a very strange case. I agree. And as Your Honor has just pointed out, the board recognizes that some of those subsections, the ones that talk about taking something with a consent, like altering the price tag and then paying for something even though it's less than the price, that's the consensual taking, so that's not going to meet the generic definition of theft. So what we're left with is just walking through the tools that Mathis has given us and trying to make a determination based on that. And the board pointed to three. I've highlighted the three. The statutory text, again, is disjunctive. It has an or. So it's not necessarily that you have to prove all of them. I agree that's not conclusive. That's not super helpful. We look to, then the board looks to, and we look to the case law. Again, Sexton's probably the best case in terms of directly on point talking about a specific subsection. There are other cases that only talk about that one subsection. There are some cases that list two. I think Ybarra is the one that I listed that does have two of those subsections. So the case law isn't really definitive as well. As Your Honor is pointing out, there's some on some side, there's some on the other side. In that instance, Mathis says, now we can take a look at the record of conviction. And here we have, I think, at least five instances. Four of the five, I think, point to a particular subsection, which is not the one that's over-broad. One of them, you have no idea what the subsection is. And I agree, and the board acknowledged that as well. So, again, we're just kind of looking at which way does the evidence tend to point. Looking at it all together, it all points towards being divisible because it's constantly setting out those subsections separately. Does the rule of lenity have a role to play here? What's weird about that, and it's not a trick question, but it actually points both ways, which is, in this case, the rule of lenity would suggest maybe we don't treat it as a theft case. Of course, it's immigration. But in Nebraska, you actually, I think, potentially want them to be elements of something, if somebody was actually charged with this. So I'm wondering, it kind of points in different directions again, but I wonder whether the rule of lenity has a role to play. Our argument would be it would not have a role to play here. This is a statutory interpretation. That would be sort of the very last tool, I guess, in the toolbox of statutory interpretation. And here, it's either divisible or it's not. It's not a matter of construing it one way, sort of, to be lenient towards the defendant or the petitioner in this case, or not. It either is divisible or is not. I mean, I'll say Mathis talks about the material should speak plainly, and then it cites Taylor's demand for certainty. I tried to find a case from the courts talking about when we have a situation like this, of where there's maybe things on both sides, or it's not clear, like what level of certainty do we need, or what does that mean? I couldn't find anything. The best argument I have is that this is just an all or nothing. It's either divisible or it's not. It's not a, like, well, it kind of leans this way, or it's more likely than not this or that. Mathis directs us it's divisible or it's not. What we do when we've got something, some on some side and some on the other, I think we look at which direction does it all point. And here the board walks through the analysis Mathis directs us to do, and it says everything points in that direction. So the end result is that this statute is divisible, and that's what the court should do the same thing, look at those same things and reach that same conclusion. Could the tiebreaker here be the fact that the penalty is the same for all of them, meaning that, you know, that was important. I offered an opinion a few years ago, Schneider, in a different context, but we talked about the fact that the penalties were different for each individual, what we termed the elements. Here the penalty is exactly the same for all of those subdivisions. Is that a tiebreaker? I mean, I don't know. I think this is legitimately hard. I'd say it's more just a non-factor. Like the jury instruction in this case, it basically don't exist, and so that just doesn't give us any information. I'd say the same thing here where the penalties depend on the value of the thing stolen. Looking at the Nebraska cases, that's usually what they're about, is how you determine that value. The sentencing, as I'm sure the court is well aware, is usually what most people are concerned with. Maybe the guilts are, in a sense, not as much a dispute, but that sentencing factor. So that's what the cases really are about. And so even when you're looking at those cases like Sexton and then the others, they're not really about this divisibility question, as I think we've already said. I doubt Nebraska is terribly concerned with means versus elements as well. I agree it's difficult, but there's at least three factors that all kind of point in the same direction, and that's divisible. So the court should find that it's divisible. Unless the court has any other questions, I'd ask that the court do not petition. Thank you. Thank you. How much time is left? Is that the correct time? Thank you, Your Honor. I do think that the penalty question is an important question. And one of the reasons why is that a lot of the most recent work by this court and by the federal Supreme Court in deciding the categorical approach has applied to drug statutes. And when you look at drug statutes, one of the most important things that make those divisible, and essentially a lot of them, the only thing that makes them divisible, is that the penalty is different depending upon the subsection. So depending on what controlled substance you possess, then the penalty is then different. So that makes those crimes more serious, right? So when we're deciding whether a statute is divisible or not, it's not just simply saying can it be divided. It's saying does it matter? Is there a difference between violating subsection A and violating subsection B? Can we draw a different conclusion from the outcomes of those cases? And in this statute, you simply cannot. As opposing counsel stated, some of these cases they cite two subsections. Some of them don't cite it. Some of them can cite four. There's just no consistency. Because there's no consistency, it's simply not divisible. I would just like to take a moment. I would like to ask you to look at the Convention Against Torture aspect of this case as well and particularly look at Judge Kelly's dissenting opinion in a Sobero-Lassue v. Barr. That case and this case are nearly identical. I argued Lassue v. Barr before you a few years ago. Judge Kelly's dissenting opinion essentially matches my argument. I really think that a determination needs to be made that there's a difference between widespread violence and ethnic cleansing. Those things are not the same. When someone can be the subject of ethnic cleansing, they have met the particularity requirement of the Convention Against Torture. And that is different than simply saying civil war. And I would ask you to look at that as well. Thank you. Thank you, counsel. We appreciate your arguments this morning. A decision in the case will be rendered as soon as possible. And the hearing is going to stop.